Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:   (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:        mark@markmerin.com
                    paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF DELION JOHNSON,
D.J., M.J., and MICHELLE COOPER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ESTATE OF DELION JOHNSON, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SACRAMENTO, et al., <br><br> Defendants. | Case No. <br><br> **PLAINTIFFS D.J. AND M.J.'S** *EX PARTE* **MOTION FOR APPOINTMENT OF GUARDIAN** *AD LITEM* |

## I.   INTRODUCTION

Plaintiffs D.J. and M.J., minors, request the Court to appoint Marlisa Hill, their mother and legal custodian, as guardian *ad litem* for purposes of prosecuting this action.

## II.   STATEMENT OF RELEVANT FACTS

D.J. and M.J. are plaintiffs in the above-captioned matter. *See* ECF No. 1. D.J. and M.J. are minors. Declaration of Marlisa Hill ¶¶ 2–3. Marlisa Hill is the biological mother of D.J. and M.J. and maintains sole custody of them. *Id*. ¶¶ 1, 4. Marlisa Hill is unaware of any conflicts of interest that would preclude her appointment as D.J. and M.J.'s guardian *ad litem* for purposes of prosecuting this action. *Id*. ¶ 6. Marlisa Hill consents to the appointment as D.J. and M.J.'s guardian *ad litem*. *Id*. ¶ 7.

## III.   REQUEST FOR APPOINTNMENT OF GUARDIAN *AD LITEM*

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th

1

Cir. 2011). "A minor … who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor … who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

An individual's capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b). Under California law, an individual under the age of 18 is a minor. Cal. Fam. Code § 6502. A minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code § 6601. A court may appoint a guardian *ad litem* to represent a minor's interests in the litigation. Cal. Code Civ. Proc. § 372(a). In making the determination concerning the appointment of a particular guardian *ad litem*, a court shall consider whether the minor and the guardian have divergent interests. Cal. Code Civ. Proc. § 372(b)(1).

The decision to appoint a guardian *ad litem* "must normally be left to the sound discretion of the trial court." *See*, *e.g.*, *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986); *Williams v. Superior Court*, 147 Cal. App. 4th 36, 47 (Cal. Ct. App. 2007) ("broad discretion"). When there is no conflict of interest, the guardian *ad litem* appointment is usually made on *ex parte* application and involves minimal exercise of discretion by the trial court. *In re Marriage of Caballero*, 27 Cal. App. 4th 1139, 1149 (Cal. Ct. App. 1994). "Generally, there is no inherent conflict of interest when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child." *J.B. v. Tuolumne Cty. Superintendent of Sch's*, 2021 U.S. Dist. LEXIS 137123, at *5 (E.D. Cal. July 22, 2021).

Accordingly, a parent is recognized as an appropriate guardian *ad litem* on behalf of a minor child. *See*, *e.g.*, *T.G. v. Mariposa Cty. Unified Sch. Dist.*, 2019 U.S. Dist. LEXIS 157079, at *2 (E.D. Cal. Sep. 12, 2019); *Basque v. County of Placer*, 2017 U.S. Dist. LEXIS 117290, at *1–3 (E.D. Cal. July 26, 2017); *Hugunin v. Rocklin Unified Sch. Dist.*, 2015 U.S. Dist. LEXIS 103410, at *4–5 (E.D. Cal. Aug. 6, 2015); *see also Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000) ("[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under [Fed. R. Civ. P.] 17(c).").

### IV.   CONCLUSION

For the reasons stated, the Court should appoint Marlisa Hill as D.J. and M.J.'s guardian *ad litem* for the purposes of prosecuting this action. A proposed order is attached herewith.

2

**PLAINTIFFS D.J. AND M.J.'S *EX PARTE* MOTION FOR APPOINTMENT OF GUARDIAN *AD LITEM***
*Estate of Johnson v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

1 | Dated: July 5, 2023

Respectfully Submitted,

By: _____
   Mark E. Merin
   Paul H. Masuhara
   LAW OFFICE OF MARK E. MERIN
   1010 F Street, Suite 300
   Sacramento, California 95814
   Telephone: (916) 443-6911
   Facsimile: (916) 447-8336

  Attorneys for Plaintiffs
  ESTATE OF DELION JOHNSON,
  D.J., M.J., and MICHELLE COOPER

**PLAINTIFFS D.J. AND M.J.'S *EX PARTE* MOTION FOR APPOINTMENT OF GUARDIAN *AD LITEM***
*Estate of Johnson v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____