UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of Delion Johnson et al., | No. 2:23-cv-01304-KJM-JDP |
| Plaintiffs, | ORDER |
| v. | |
| County of Sacramento et al., | |
| Defendants. | |

The Estate of Delion Johnson by and through real-parties-in interest, plaintiffs D.J. and M.J., the biological children of Johnson, brings this civil rights action against defendants County of Sacramento, Sacramento County Sheriff's Department, Jim Cooper, and 20 Doe defendants. *See* Compl., ECF No. 1. Minor plaintiffs D.J. and M.J. now move the court for an order appointing their mother, Marlisa Hill, as their guardian *ad litem*. Mot., ECF No. 6; *see* Mem., ECF No. 6-1. There has been no opposition filed. For the reasons below, the court **denies the motion without prejudice.**

Under Federal Rule of Civil Procedure 17(c)(1)(A), a general guardian may sue on behalf of a minor. Fed. R. Civ. P. 17(c)(1)(A). "[A] parent is a guardian who may so sue." *Doe ex rel. Sisco v. Weed Union Elementary Sch. Dist.*, No. 13-01145, 2013 WL 2666024, at *1 (E.D. Cal. June 12, 2013) (citation omitted); *see AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1052 (E.D. Cal. 2015) ("A general guardian is '[a] guardian who has general care and control of the

ward's person and estate.'" (quoting Black's Law Dictionary (10th ed. 2014)) (alteration in original)).

Here, plaintiffs move the court for an order appointing their mother, Marlisa Hill, as their guardian *ad litem*. The court finds the appointment of a guardian ad litem is not necessary at this time. *Cf. Brown v. Alexander*, No. 13-01451, 2015 WL 1744331, at *7 (N.D. Cal. Apr. 15, 2015) ("[T]he rules permitting a court to appoint a guardian ad litem exist for precisely the situation in which the child's interests are best served if he or she is represented by someone *other* than a custodial parent or other general guardian." (emphasis in original)). In her declaration in support of the motion, Ms. Hill states the minor plaintiffs have no general guardian. Hill Decl. ¶ 5, ECF No. 6-2. However, the same declaration states Ms. Hill is their "legal parent and biological mother," *id.* ¶ 1, and "maintain[s] sole custody" of both minors, *id.* ¶ 4. From the record, it is unclear how their mother is not their general guardian. *See, e.g.*, *J.F. v. San Diego Cnty. Unified Sch. Dist.*, No. 19-2495, 2020 WL 30435, at *1 (S.D. Cal. Jan. 2, 2020) (noting if parents have custody of their minor child and care for his needs, it is unclear why they are not his general guardians who can sue on his behalf). Accordingly, the motion is **denied without prejudice.**

Plaintiffs may re-file the motion with an explanation and citation to legal authority showing why appointment of the mother as guardian *ad litem* is necessary and appropriate in this case. Alternatively, to comply with the court's local rules, plaintiffs may file a notice making "a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor." E.D. Cal. L.R. 202(a). Any such motion or notice shall be filed within **fourteen (14) days** of the filing date of this order. The hearing set for September 22, 2023, is hereby **vacated**.

This order resolves ECF No. 6.

IT IS SO ORDERED.

DATED: August 29, 2023.

CHIEF UNITED STATES DISTRICT JUDGE