UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF DELION JOHNSON, et al. <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SACRAMENTO, et al. <br><br> Defendants. | No. 2:23-cv-01304-DC-JDP <br><br> ORDER GRANTING PLAINTIFFS' MOTION TO APPROVE MINORS' COMPROMISE <br><br> (Doc. No. 36) |

This matter is before the court on Plaintiffs' motion to apportion settlement and approve the minors' compromise for minor Plaintiffs D.J. and M.J. (Doc. No. 36.) The pending motion was taken under submission to be decided on the papers pursuant to Local Rule 230(g). (Doc. No. 42.) For the reasons explained below, the court will grant Plaintiffs' motion to approve minors' compromise and grant Plaintiffs' request to withdraw their motion to apportion the settlement.

**BACKGROUND**

This case arises from the death of decedent Delion Johnson on April 5, 2023, due to a fentanyl overdose while he was incarcerated as a pretrial detainee at the Sacramento County jail. (Doc. No. 23.) This case was brought by Decedent's estate (Plaintiff Estate of Delion Johnson), his mother (Plaintiff Michelle Cooper), and his two minor children (Plaintiffs D.J. and M.J.) on July 5, 2023. (Doc. No. 1.) On April 5, 2024, Plaintiffs filed the operative second amended complaint bringing the following claims against Defendants County of Sacramento, Sacramento

1

County Sheriff's Department, Jim Cooper, Gordon Lahann, Jason Holiman, Kenneth Crayne, Patrick York, David Godwin, and Devon Banks: (1) a claim under 42 U.S.C. § 1983 for deliberate indifference to an inmate's safety in violation of the Fourteenth Amendment to the U.S. Constitution; (2) a § 1983 claim of unwarranted interference with familial association in violation of the Fourteenth Amendment; (3) a § 1983 claim of unwarranted interference with familial association in violation of the First Amendment; (4) failure to summon medical care in violation of California Government Code § 845.6; (5) violation of California Civil Code § 52.1, the Tom Bane Civil Rights Act; (6) intentional infliction of emotional distress; (7) negligence; and (8) wrongful death. (Doc. No. 23.)

The parties participated in a mediation with retired Magistrate Judge Kendall J. Newman on July 29, 2025, and ultimately settled the case. (Doc. No. 36-2 at ¶ 9.) However, Plaintiffs were initially unable to reach an agreement on the division of settlement funds. (*Id*. at ¶ 10.) On October 23, 2025, Plaintiffs filed the pending motion to apportion the settlement and approve minors' compromise. (Doc. No. 36.) On November 6, 2025, Defendants filed a statement of non-opposition to Plaintiffs' motion. (Doc. No. 39.)

On December 4, 2025, Plaintiffs filed a supplement in support of their motion to approve minors' compromise. (Doc. No. 41.) Therein, Plaintiffs explain that they have agreed to an apportionment of the settlement and seek to withdraw their motion to apportion the settlement. (Doc. Nos. 41 at 2; 41-1 at ¶ 2.) On December 16, 2025, Plaintiffs filed a proposed order in support of their motion to approve minors' compromise. (Doc. No. 43.)

**LEGAL STANDARD**

This court has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983); *see* Fed. R. Civ. P. 17(c)(2) (requiring the court to "appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."). This duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In examining the fairness of a

1  settlement of a minor's claims, the Ninth Circuit has held that a district court should focus on

2  "whether the net amount distributed to each minor plaintiff in the settlement is fair and

3  reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar

4  cases." *Robidoux*, 638 F.3d at 1181–82.[1]

5  In addition, the Local Rules of this court require a motion for approval of a proposed

6  minor's compromise to disclose, among other things: (1) the age and sex of the minor; (2) the

7  nature of the causes of action to be settled or compromised; (3) the facts and circumstances out of

8  which the causes of action arose, including the time, place, and persons involved; (4) the manner

9  in which the compromise amount or other consideration was determined, including such

10 additional information as may be required to enable the court to determine the fairness of the

11 settlement or compromise amount; and (5) if the minor has a personal injury claim, the nature and

12 extent of the injury with sufficient particularity to inform the court whether the injury is

13 temporary or permanent. *See* L.R. 202(b)(2).

14 Further, Local Rule 202(c) provides:

15
> [w]hen the minor or incompetent is represented by an attorney, it shall be disclosed to the [c]ourt by whom and the terms under which
16
> the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes
17
> of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has
18
> received or expects to receive any compensation, from whom, and the amount.
19

20 Local Rule 202 also provides guidelines regarding the disbursement of money to minors.

21 L.R. 202(e). Money or property recovered on behalf of a minor will be: (1) disbursed to the

22 representative pursuant to state law upon a showing that the representative is duly qualified under

23 state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other

24 order as the court deems proper for the protection of the minor. (*Id*.)

---

25 [1] Plaintiffs bring several state law claims against Defendants in addition to their federal claims.
26 (Doc. No. 23.) Although the Ninth Circuit expressly limited its holding to "cases involving the settlement of a minor's federal claims," *Robidoux*, 638 F.3d at 1179 n.2, where, as here, a court is
27 exercising supplemental jurisdiction over state law claims, courts apply the *Robidoux* standard to all of the claims. *See A.G.A. v. Cnty. of Riverside*, No. 19-cv-00077-VAP-SP, 2019 WL 2871160,
28 at *3 n. 1 (C.D. Cal. Apr. 26, 2019) (collecting cases).

# ANALYSIS

Under the terms of the parties' global settlement agreement, Defendants have agreed to pay a gross settlement amount of $400,000. (Doc. No. 36-2 at ¶ 9.) Plaintiffs have agreed to apportion the settlement to the minor Plaintiffs as follows: (1) $150,000 to Plaintiff D.J.; and (2) $150,000 to Plaintiff M.J. (Doc. No. 41-1 at ¶ 2.) After the deduction of agreed-upon attorneys' fees (25% of the settlement amount)[2] and costs, minor Plaintiffs D.J. and M.J.'s net recovery will be $108,837.75 each. (*Id*. at ¶¶ 3–4.) The parties agree that the minors' settlement funds will be used to purchase an annuity from MetLife Assignment Company, Inc., which will pay out when the minors reach the age of 21 years old. (Doc. Nos. 41 at 4; 43 at 3.)

In their motion and supplemental briefing, Plaintiffs provide the information required by Local Rule 202(b) and (c), namely the minor Plaintiffs ages and sex, the nature of the causes of action to be settled against Defendants, the facts out of which the causes of action arose, the manner in which the settlement amount was determined, and details regarding the terms of employment of Plaintiffs' attorney in this action. (Doc. Nos. 36-1 at 4–13; 41 at 3–5.) Specifically, minor Plaintiffs D.J. and M.J. have been represented by Attorney Mark E. Merin of the Law Office of Mark E. Merin since June 15, 2023. (Doc. No. 36-2 at ¶ 5.) Minor Plaintiffs' retainer agreement with Attorney Merin provides for a contingency fee of 25% of any recovery on behalf of a minor in this case and for recovery of costs. (Doc. Nos. 36-2 at ¶¶ 6–7; 41-1 at ¶¶ 3–4.) Accordingly, minor Plaintiffs' counsel will receive $41,162.25 from each of the minor Plaintiffs' portions of the settlement—$82,324.50 in total. Further, Attorney Mark E. Merin "did not become involved in this matter at the insistence of any party against whom a claim is asserted, and they not received any compensation for their services to date." (Doc. No. 36-2 at ¶ 8.)

As shown in the pending motion and supplemental briefing, the net recovery amount for minor Plaintiffs, $108,837.75, is comparable "to recoveries by minor plaintiffs in similar cases involving deliberate indifference to the medical needs of an incarcerated parent resulting in

---

[2] In the Eastern District of California, attorneys' fees amounting to 25% of the total recovery is considered reasonable for cases involving minors. *Chance v. Prudential Ins. Co. of Am.*, No. 15-cv-01889-DAD-JLT, 2016 WL 3538345, at *3 (E.D. Cal. June 29, 2016) (collecting cases).

4

1   death." (Doc. Nos. 36-1 at 13–14; 41 at 5–6) (citing cases). Plaintiffs also acknowledge that D.J.'s
2   and M.J.'s claims would be difficult to prove based on comparative fault particularly due to the
3   decedent's willful ingestion of illicit substances. (Doc. No. 41 at 5.) Finally, the fact that the
4   parties reached their settlement with the assistance of a retired magistrate judge through a private
5   mediation also suggests that the settlement is fair and reasonable. *See E.H. v. Cal. Exposition &*
6   *State Fair*, No. 2:22-cv-01844-DAD-DB, 2023 WL 8527703, at *2 (E.D. Cal. Dec. 8, 2023);
7   *Parenti v. Cnty. of Monterey*, No. 14-cv-05481-BLF, 2019 WL 1245145, at *3 (N.D. Cal. Mar.
8   18, 2019) (finding minors' compromise reasonable where "the parties engaged in extensive
9   negotiations with a magistrate judge to reach settlement").

10       Having considered the facts of the case, the claims brought by minor Plaintiffs D.J. and
11   M.J., and comparable recoveries to minors in similar cases, the court finds the settlement of minor
12   Plaintiffs' claims in this case to be fair and reasonable. Further, the court finds Plaintiffs' proposal
13   to purchase annuities for minor Plaintiffs D.J. and M.J. to be paid out when they reach the age of
14   21 to be an appropriate plan and in the interest of minor Plaintiffs. *See Est. of Fisher v. Cnty. of*
15   *Sacramento*, No. 24-cv-00109-DAD-SCR, 2025 WL 1695998, at *3, n. 2 (E.D. Cal. Jun. 17,
16   2025) (approving a minor's compromise involving a structured annuity to be paid when the minor
17   reached the age of 18); *see also Williams v. Cnty. of Monterey*, No. 19-cv-01811-BLF, 2020 WL
18   7342737, at *1–2 (N.D. Cal. Dec. 14, 2020) (collecting cases noting that "district courts within
19   the Ninth Circuit commonly order that such funds be deposited into a blocked account for the
20   minor's benefit").

21       Accordingly, the court will grant Plaintiffs' motion for approval of the compromise of
22   minor Plaintiffs D.J. and M.J.

23   **CONCLUSION**

24       For the reasons explained above:
25       1.    Plaintiffs' request to withdraw their motion to apportion settlement (Doc. No. 36)
26           is GRANTED;
27       2.    Plaintiffs' motion to approve minor's compromise (Doc. No. 36) is GRANTED;
28       3.    Pursuant to the terms of the parties' settlement agreement, Defendants shall pay

1 | $150,000 to each of Plaintiffs D.J. and M.J. to resolve all of their claims brought in this action, and those payments shall be made as follows:

    a.    $108,837.75 payable to MetLife Assignment Company, Inc., to fund Plaintiff D.J.'s annuity;

    b.    $108,837.75 payable to MetLife Assignment Company, Inc., to fund Plaintiff M.J.'s annuity;

    c.    $82,324.50 payment to Attorney Mark E. Merin at the Law Office of Mark E. Merin to pay Plaintiffs D.J.'s and M.J.'s attorney's fees and costs; and

4. The parties shall file dispositional documents by no later than forty-five (45) days from the date of entry of this order.

IT IS SO ORDERED.

Dated: **January 7, 2026**

Dena Coggins
United States District Judge